THE CITIZENS STATE BANK, Appellant, v. ROWLEY & DRIGGS, *et al.*

**Harmless Error:** EVIDENCE: *Instructions.* Error, if any, in admitting evidence of the arrest of a certain person, cannot be held prejudical on the ground that the jury were thereby led to suppose that the loss of his time was an element of damages recoverable in the case, where no evidence of the value of his time is offered, and no reference is made thereto in the instruction stating what can be allowed as damages.

**SAME:** *Verdict—appeal.* A statement by the court of issues leading the jury to return a verdict on a counter-claim for both defendants, when it should be in favor of one only, is not prejudical to plaintiff.

*Appeal from Woodbury District Court.*—HON. GEORGE W. WAKEFIELD, Judge.

SATURDAY, JANUARY 23, 1897.

PLAINTIFF brings suit upon a check for one hundred dollars, which was drawn by the defendants, Rowley & Driggs, upon the defendant, the Iowa Savings Bank, and delivered to one Ball, who procured the same to be cashed at plaintiff's bank. It is alleged that the defendant, the savings bank, refused payment, though at the time having in its possession money of the drawers sufficient to pay the same. Rowley & Driggs answered, admitting the execution of the check, and its payment by plaintiff to Ball, and that demand had been made for the payment of the same, and payment refused. By way of counter-claim they aver that the check was given to Ball, who was then acting as their agent, and it was to be used in the purchase of certain cattle; that Ball presented it to plaintiff, and received the money therefor,—ninety-one dollars and fifty cents of which he paid to one Bellmeyer, on account of the purchase of certain cattle; that before said money was paid to Bellmeyer, he agreed with Ball to furnish him sufficient money to complete the purchase of said cattle upon a sight draft drawn by Ball upon the defendants, Rowley & Driggs; that after Ball had paid the ninety-one dollars and fifty cents to Bellmeyer, plaintiff refused to furnish the money, and by reason thereof Ball was unable to complete the purchase of the cattle; that Rowley & Driggs have not been repaid the ninety-one dollars and fifty cents, and were at an expense of twenty dollars in attempting to purchase the cattle, and that they lost fifty dollars in profits on the cattle. Judgment is asked for one hundred and seventy dollars. The defendant, the Iowa Savings Bank, answered, denying that at the time said check was presented, it had funds on hand for its payment, and alleging that prior thereto payment of said check had been stopped by order of the defendants,

Rowley & Driggs. They also averred that the check had not been assigned to plaintiff for value, but plaintiff wrongfully obtained the same in payment of an indebtedness of the payee to plaintiff, knowing that said payee had no right to so apply the same. Plaintiff replied by a denial of the allegations in the counter-claim of Rowley & Driggs. The cause was tried to the court and a jury, and a verdict of eleven dollars and fifty cents returned against the plaintiff, upon which a judgment was entered. Plaintiff appeals.—*Affirmed.*

*A. D. Keller* and *Lynn & Foley* for appellant.

*Lewis & Beardsley* for appellees.

KINNE, C. J.—I. It is insisted that the court erred in permitting the witness Ball to testify that he was arrested at the instance of Gilmore the cashier of plaintiff bank, on the charge of disposing of mortgaged property. It is said that the jury were thereby led to believe that the loss of time by Ball was an element of damages recoverable in the case. If the admission of the evidence was error, it was clearly without prejudice. Nothing was said as to such damages. No evidence was offered as to the value of Ball's time, and the court instructed the jury that they could allow as damages, in case they found for the defendants, "the amount of the money so paid to Bellmeyer, which has not been returned to them, if any, and the amount of money expended in efforts to purchase the Bellmeyer cattle." In view of this instruction, the jury could not have been misled into allowing damages for Ball's loss of time.

II. Complaint is made as to the court's statement of the issues to the jury. If, as is claimed, the jury were thereby led into an error in returning a

verdict in favor of both defendants, when it should have been in favor of Rowley & Driggs only, it did not prejudice the plaintiff. Besides, the jury was told that the damages were on the counter-claim of Rowley & Driggs. The error, if such it was, in the verdict might have been corrected on application of plaintiff in the lower court.

III.    It is urged that there was no evidence to support the counter-claim. We think the evidence was ample to justify the jury in finding that all money was furnished by Rowley & Driggs, and that it belonged to them until the cattle were sold. There was evidence from which the jury·might properly find that Ball had an arrangement with plaintiff, before he paid the ninety-one dollars and fifty cents to Bellmeyer, by which plaintiff was to advance such further sums upon the sight draft as might be needed to complete the payment of the purchase price of the cattle. We shall not consider the evidence in detail. If there was no such arrangement made in the morning as testified to by Ball, there was no occasion for plaintiff bank telegraphing the same forenoon, as it did, to ascertain if such draft would be honored.

IV.    Very many questions are argued by counsel for appellant, which we do not deem it necessary to discuss. We have examined all of the alleged errors, and conclude that no reason exists for disturbing the judgment. It is claimed that the verdict is not sustained by the evidence. Upon many points the evidence was in conflict, and, as there was evidence which justified the verdict, we cannot disturb it. This whole record impresses us with the conviction that plaintiff was attempting to force Ball to pay an old debt of his out of money which did not belong to him, and because he refused so to do, the plaintiff refused to carry out its agreement to furnish the money for the cattle, though it had agreed to do so, and had

taken from Ball pay for the exchange on the draft it
was to cash. We discover no reversible error.—
AFFIRMED.